UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

WING F. CHAU and HARDING ADVISORY LLC,   :

   :

                Plaintiffs,   :

   :

-against-   :

   :   Case No. 14-CV-1903 (LAK)

UNITED STATES SECURITIES AND   :   ECF CASE

EXCHANGE COMMISSION,   :

   :

                Defendant.   :

------------------------------------------------------------------------x

## SECURITIES AND EXCHANGE COMMISSION'S
## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION
## FOR PRELIMINARY INJUNCTION AND MOTION TO DISMISS

Richard M. Humes
Melinda Hardy
Laura Walker
Smith Greig
Sarah Hancur
U.S. Securities and Exchange Commission
100 F Street NE
Washington, DC 20549-9612
202.551.5194 (Hancur)
hancurs@sec.gov

May 12, 2014

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................... iii

INTRODUCTION ........................................................................................................... 1

BACKGROUND ............................................................................................................. 3

    A.     The Rules Governing Commission Administrative Proceedings ........................... 3

    B.     The Commission Institutes an Administrative Proceeding Against
           Harding and Chau ............................................................................................... 6

    C.     Harding and Chau Seek Adjournment of the Proceedings and
           Other Relief from the Law Judge.......................................................................... 7

    D.     Harding and Chau Petition the Commission for Interlocutory Review
           and Move to Stay the Hearing and Pre-Hearing Deadlines ................................... 9

    E.     Harding and Chau Seek a Temporary Restraining Order and a
           Preliminary Injunction in this Court ................................................................... 11

    F.     The Administrative Hearing .............................................................................. 12

ARGUMENT ................................................................................................................ 14

I.     HARDING AND CHAU ARE NOT ENTITLED TO A PRELIMINARY
      INJUNCTION ...................................................................................................... 14

    A.     Harding and Chau Cannot Show Irreparable Injury ........................................... 15

    B.     Harding and Chau Cannot Show a Likelihood of Success
           on the Merits ..................................................................................................... 17

         1.     The Special Statutory Review Scheme Deprives this Court
               of Subject Matter Jurisdiction over Plaintiffs' Claims ............................. 17

              a.     Harding and Chau Can Obtain Meaningful Judicial
                   Review in a Court of Appeals....................................................... 20

              b.     Harding and Chau's Claims Are Not "Wholly
                   Collateral" to the Review Provisions ............................................. 22

              c.     Determining Whether a Person Has Violated the
                   Securities Laws and What Sanction Should Result Is
                   Within the SEC's Expertise ......................................................... 24

d.    Harding and Chau's Analysis of the Three *Free Enterprise* Factors Rests on a Single Case that the Second Circuit Has Implicitly Rejected ...................................................25

2.    Harding and Chau Fail to Show They Are Likely to Succeed on an Equal Protection Claim .................................................27

C.    Harding and Chau Cannot Show that a Preliminary Injunction Is in the Public Interest ...................................................30

II.    THE COMPLAINT SHOULD BE DISMISSED ...........................................31

CONCLUSION.......................................................................................................31

# TABLE OF AUTHORITIES

**C**ASES

*Altman v. SEC*,
    768 F. Supp. 2d 554 (S.D.N.Y. 2011)..............................................................21, 25, 26, 27

*Altman v. SEC*,
    687 F.3d 44 (2d. Cir 2012)..................................................................................25, 26, 27

*Arjent LLC v. SEC*,
    2014 WL 1091201 (S.D.N.Y. Mar. 18, 2014) ...................................................................30

*Ashcroft v. Iqbal*,
    556 U.S. 662; 129 S. Ct. 1937 (2009)..............................................................................30

*Brady v. Md.*,
    373 U.S. 83; 83 S. Ct. 1194 (1963) ............................................................3, 13, 20, 23

*City of Tacoma v. Taxpayers of Tacoma*,
    357 U.S. 320; 78 S. Ct. 1209 (1958)................................................................................26

*Dew v. United States*,
    192 F.3d 366 (2d Cir. 1999)............................................................................................17

*DL Capital Group, LLC v. Nasdaq Stock Mkt., Inc.*,
    409 F.3d 93 (2d Cir. 2005)..............................................................................................17

*Engquist v. Or. Dep't of Agr.*,
    553 U.S. 591; 128 S. Ct. 2146 (2008)..............................................................................29

*FDIC v. Meyer*,
    510 U.S. 471; 114 S. Ct. 996 (1994)................................................................................17

*Fireman's Fund Ins. Co. v. Leslie & Elliott Co., Inc.*,
    867 F.2d 150 (2d Cir.1989)..............................................................................................15

*Firemen's Ins. Co. of Newark, NJ v. Keating*,
    753 F. Supp. 1146 (S.D.N.Y.1990)..................................................................................15

*Free Enterprise Fund v. PCAOB*,
    561 U.S. 477; 130 S. Ct. 3138 (2010)........................................................................ *passim*

*FCC v. ITT World Commc'ns Inc.*,
    466 U.S. 463; 104 S. Ct. 1936 (1984)..............................................................................21

*FTC v. Standard Oil Co. of Cal.*,
    449 U.S. 232; 101 S. Ct. 488 (1980)............................................................2, 16, 22, 23

*Gupta v. SEC*,
    796 F. Supp. 2d 503 (S.D.N.Y. 2011)...........................................................19, 25, 26, 27

*Kamerling v. Massanari*,
    295 F.3d 206 (2d Cir. 2002)..............................................................................................15

*Lane v. Pena*,
    518 U.S. 187; 116 S. Ct. 2092 (1996) ............................................................................18

*Lunney v. United States*,
    319 F.3d 550 (2d Cir. 2003)..............................................................................................18

*Makarova v. United States*,
    201 F.3d 110 (2d Cir. 2000)..............................................................................................18

*Merritt v. Shuttle, Inc.*,
    245 F.3d 182 (2d Cir. 2001)........................................................................................22, 23

*Monserrate v. N.Y. State Senate*,
    599 F.3d 148 (2d Cir. 2010)..............................................................................................14

*Oneida Nation of N.Y. v. Cuomo*,
    645 F.3d 154 (2d Cir. 2011)..............................................................................................14

*Roach v. Morse*,
    440 F.3d 53 (2d Cir. 2006)................................................................................................27

*Reuters Ltd. v. United Press Int'l*,
    903 F.2d 904 (2d Cir. 1990)..............................................................................................15

*SCM Corp. v. Xerox Corp.*,
    507 F.2d 358 (2d Cir. 1974)..............................................................................................15

*Serono Labs, Inc. v. Shalala*,
    158 F.3d 1313 (D.C. Cir. 1998)..................................................................................30, 31

*Sprecher v. Graber*,
    716 F.2d 968 (2d Cir. 1983)..............................................................................................18

*Thunder Basin Coal Co. v. Reich*,
    510 U.S. 200; 114 S. Ct. 771 (1994)........................................................................ *passim*

*United States v. Am. Elec. Power Serv. Corp.*,
258 F. Supp. 2d 804 (S.D. Ohio 2003) ...................................................................28

*United States v. N.Y. City Bd. of Educ.*,
2002 WL 31663069 (E.D.N.Y. Nov. 26, 2002)...................................................... 16

*United States ex rel. The St. Regis Mohawk Tribe v. President R.C.-St. Regis Mgmt. Co.*,
451 F.3d 44 (2d Cir. 2006).....................................................................................23

*Winter v. Natural Res. Def. Council, Inc.*,
555 U.S. 7; 129 S. Ct. 365 (2008).........................................................................14

## STATUTES AND REGULATIONS

17 C.F.R. 201.100 *et seq.*..............................................................................................3

17 C.F.R. 201.161 ..................................................................................................4, 5, 8

17 C.F.R. 201.200 .........................................................................................................3

17 C.F.R. 201.220 .........................................................................................................3

17 C.F.R. 201.230 .........................................................................................................3

17 C.F.R. 201.232 .........................................................................................................3

17 C.F.R. 201.250 .........................................................................................................4

17 C.F.R. 201.320 .........................................................................................................4

17 C.F.R. 201.360(a)(2) .............................................................................................4, 7

17 C.F.R. 201.400(c) .................................................................................................4, 7

17 C.F.R. 201.410 .........................................................................................................4

5 U.S.C. 702 ...............................................................................................................18

15 U.S.C. 77h-1 ......................................................................................................1, 30

15 U.S.C. 77i(a) ............................................................................................5, 6, 16, 22

15 U.S.C. 77q .................................................................................................................6

15 U.S.C. 78u-3 ......................................................................................................1, 30

15 U.S.C. 78u(d)(1) ....................................................................................................1, 30

15 U.S.C. 80a-41 .......................................................................................................1, 30

15 U.S.C. 80a-42(a) .............................................................................................5, 16, 22

15 U.S.C. 80b-6 ...............................................................................................................6

15 U.S.C. 80b-9(d)....................................................................................................1, 30

15 U.S.C. 80b-13(a) .............................................................................................5, 16, 22

## OTHER SOURCES

Fed. R. Civ. P. 12(b)(1)...................................................................................................31

Fed. R. Civ. P. 12(b)(6)...................................................................................................31

14 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper,
*Fed. Prac. & Proc.* § 3654 (3d ed. 1998) ...............................................................17, 18

The United States Securities and Exchange Commission ("SEC" or "Commission") submits this memorandum of law in opposition to Plaintiffs' Motion for a Preliminary Injunction and in support of its Motion to Dismiss.

## INTRODUCTION

Plaintiffs Harding Advisory LLC ("Harding") and Chau, a registered investment adviser and its principal, seek to enjoin an SEC administrative proceeding against them.  The order instituting that proceeding alleges that Harding and Chau engaged in fraud and other misconduct in the sale of collateralized debt obligations ("CDOs").  Harding and Chau claim that an injunction is warranted because the Commission brought three unrelated cases involving allegations of securities law violations in connection with sales of CDOs in federal district court rather than in an administrative proceeding.[1]  Congress has given the Commission the statutory discretion to address misconduct by investment advisers and their principals by either bringing an enforcement action in federal district court[2] or by instituting an administrative proceeding.[3]  Harding and Chau, however, claim that under the equal protection component of the due process clause, the Commission should have brought the action against Harding and Chau in district court because it brought actions against other persons alleging misconduct related to CDO transactions in district court.  Complaint ¶¶ 1-4.  Harding and Chau acknowledge that "[t]he

---

1/  Harding and Chau characterize these three cases as "CDO cases."  While these cases involve allegations of federal securities law violations in connection with CDO transactions, they are unrelated to the allegations against Harding and Chau and are otherwise distinguishable.  As discussed *infra,* two of these cases involve allegations against parties who, unlike plaintiffs, were *not* registered investment advisers.  The third case is factually and legally distinguishable, as admitted by Harding and Chau.

2/  *See* 15 U.S.C. 78u(d)(1), 80a-41, 80b-9(d).

3/  *See* 15 U.S.C. 77h-1, 78u-3.  Harding and Chau recognize that "[t]here are no statutory standards that guide the SEC's choice of forum."  Complaint ¶ 14.

Commission has publicly stated its intention to use administrative proceedings more frequently and in a wider variety of more complex cases," Complaint ¶ 15, but nonetheless claim that there cannot be a rational basis for bringing the case against Harding and Chau in an administrative proceeding.  Complaint ¶ 41.

Harding and Chau's motion for a preliminary injunction should be denied because they have not alleged facts which, if established, would satisfy the necessary elements of a claim for injunctive relief.  First, Harding and Chau cannot show that they will likely suffer any irreparable harm because they have an adequate remedy at law.  They have raised all the issues they raise in this case in the administrative proceeding, and if they do not prevail before the Commission, they can seek review in a court of appeals that could reverse or modify the Commission decision and that could also require the Commission to gather more facts.  Harding and Chau complain about the burden of litigating the administrative proceeding, but the Supreme Court has specifically recognized that such a burden is not irreparable harm.  *FTC v. Standard Oil Co.*, 449 U.S. 232, 244; 101 S. Ct. 488, 495 (1980) (the "expense and annoyance" of litigation does not constitute irreparable injury).

Harding and Chau also cannot establish a likelihood of success on the merits because the Court lacks jurisdiction to hear this case and because they have failed to state a claim for relief. Harding and Chau can obtain meaningful review through the statutory review process for administrative proceedings, so they must rely on that process, and this Court lacks jurisdiction. *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 202; 114 S. Ct. 771, 774 (1994) (a special statutory review scheme "prevents a district court from exercising subject-matter jurisdiction over a pre-enforcement challenge").  Even if Harding and Chau could overcome the jurisdictional hurdle, they are not likely to succeed on the merits because they have failed to state

a claim for a permanent injunction and because the Commission's rulings in the administrative proceeding indicate they are not likely to succeed on their equal protection claim.

Because the Court lacks jurisdiction and Harding and Chau fail to state a claim for equitable relief, the Commission is also moving to dismiss Harding and Chau's complaint.

## BACKGROUND

### A.    The Rules Governing Commission Administrative Proceedings.

The SEC's Rules of Practice set forth the procedures governing administrative proceedings.  *See* 17 C.F.R. 201.100 *et seq*.  The Commission initiates a proceeding by issuing an order instituting proceedings ("OIP"), which sets forth the nature of the charges to be decided in the hearing, the legal authority and jurisdiction under which it is held, a statement of the facts and law upon which it is based, and the relief sought.  17 C.F.R. 201.200.  Any person named as a respondent is entitled to file an answer to the OIP in which it may admit, deny, or state that it does not have sufficient information to admit or deny the factual allegations.  17 C.F.R. 201.220.  Respondents must assert any matter constituting an affirmative defense in their answer.  *Id.*

The Rules of Practice provide, among other things, that the SEC's Enforcement Division ("Division"), which prosecutes administrative proceedings, must promptly make available to any party documents (other than privileged documents) obtained in the investigation leading to the Division's recommendation to institute the proceedings.  17 C.F.R. 201.230.  The Division cannot withhold material exculpatory evidence on grounds of privilege, consistent with the doctrine in *Brady v. Maryland*, 373 U.S. 83; 83 S. Ct. 1194 (1963).  17 C.F.R. 201.230(b)(2).  In addition, a respondent may ask the Administrative Law Judge ("ALJ") to issue both document and testimony subpoenas to obtain additional information.  17 C.F.R. 201.232.

The rules also provide a procedure for seeking summary disposition where there are legal issues that can be resolved without a hearing.  17 C.F.R. 201.250.  And the presiding ALJ can certify issues for interlocutory review by the Commission (*i.e.*, the five Commissioners who head the SEC) if a "ruling involves a controlling issue of law as to which there is substantial ground for difference of opinion" and "[a]n immediate review of the order may materially advance the completion of the proceeding."  17 C.F.R. 201.400(c).

Although the SEC has not adopted the Federal Rules of Evidence, when an administrative proceeding results in a hearing, the Rules of Practice provide that the ALJ "shall exclude all evidence that is irrelevant, immaterial or unduly repetitious."  17 C.F.R. 201.320.  Respondents have an opportunity to cross examine all of the Division's witnesses and to present their own witnesses and evidence.  Following a hearing, the ALJ issues an initial decision, and any party may seek *de novo* review of that decision by the Commission.  17 C.F.R. 201.410.

The Commission's Rules of Practice set deadlines for issuing an initial decision after a hearing and for scheduling a hearing itself.  Rule 360(a)(2) provides:

> In the order instituting proceedings, the Commission will specify a time period in which the hearing officer's initial decision must be filed . . . . In the Commission's discretion, after consideration of the nature, complexity, and urgency of the subject matter, and with due regard for the public interest and the protection of investors, this time period will be either 120, 210 or 300 days from the service of the order.  Under the 300-day timeline, the hearing officer shall issue an order providing that there shall be approximately 4 months from the order instituting the proceeding to the hearing, approximately 2 months for the parties to obtain the transcript and submit briefs, and approximately 4 months after briefing for the hearing officer to issue an initial decision.

17 C.F.R. 201.360(a)(2).

The Commission's rules also permit respondents to seek, for good cause, extensions of time to file any pleadings and the postponement or adjournment of any hearing.  17 C.F.R.

201.161(a).  While the Commission disfavors such requests, it has identified several factors to be considered in determining whether to grant such relief, including the number of prior requests for extensions, the stage of the proceeding, the ability of the ALJ to complete the hearing in the time period specified by the Commission, and any other matter as justice may require.  17 C.F.R. 201.161(b).

The Securities Act of 1933, the Investment Advisers Act of 1940, and the Investment Company Act of 1940 all provide that final SEC decisions in administrative proceedings are subject to review in a court of appeals.  For example, Section 9(a) of the Securities Act provides in relevant part that:

> Any person aggrieved by an order of the Commission may obtain a review of such order in the court of appeals of the United States, within any circuit wherein such person resides or has his principal place of business, or in the United States Court of Appeals for the District of Columbia, by filing in such Court, within sixty days after the entry of such order, a written petition praying that the order of the Commission be modified or be set aside in whole or in part.

15 U.S.C. 77i(a); *see also* 15 U.S.C. 80a-42(a), 80b-13(a).  Section 9 of the Securities Act also prescribes a comprehensive process for judicial review of final SEC orders.  Among other things, Section 9 identifies what constitutes the record before the agency, provides the scope of review, and explains the relief available (the court may affirm, modify, or set aside the Commission's order in whole or in part).  *See generally* 15 U.S.C. 77i(a).  Section 9(a) also provides for supplemental proceedings if necessary to adduce additional evidence or make additional findings:

> If either party shall apply to the court for leave to adduce additional evidence, and shall show to the satisfaction of the court that such additional evidence is material and that there were reasonable grounds for failure to adduce such evidence in the hearing before the Commission, the court may order such additional evidence to be taken before the Commission and to be adduced upon the hearing in such manner and upon such terms and conditions as to the court may seem proper.

*Id.*

**B.     The Commission Institutes an Administrative Proceeding Against Harding and Chau.**

The Commission issued its OIP against Harding and Chau on October 18, 2013.  *See* Declaration of Alex Lipman in Support of Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction ("Lipman Decl."), Ex. 1.[4]  The OIP alleges that Harding and Chau violated the federal securities laws in their role as investment managers for certain CDOs. Specifically, Harding and Chau are alleged to have willfully violated antifraud provisions of federal securities laws, specifically Section 17(a) of the Securities Act (15 U.S.C. 77q) and Sections 206(1) and 206(2) of the Investment Advisers Act (15 U.S.C. 80b-6(1), (2)).  *Id.* at ¶¶ 70-73.

The OIP alleges that as collateral manager to a CDO named Octans I CDO Ltd., Harding and Chau compromised their independent judgment to accommodate trades requested by a hedge fund firm, Magnetar Capital LLC, "whose interests were not aligned with those of the debt investors in Octans I."  *Id.* at ¶ 2.  According to the OIP, Harding and Chau failed to disclose to investors that Harding entered into a warehouse agreement with Magnetar and certain subsidiaries of Merrill Lynch & Co., Inc. governing the process of accumulating collateral that allowed Magnetar to "exercise[] significant control over the composition of the portfolio."  *Id.* at ¶ 4.  Harding and Chau also allegedly breached their obligations as collateral manager "by purchasing, for inclusion in several other CDOs managed by Harding, tens of millions of dollars'

---

4/  For purposes of this opposition and the motion to dismiss, except where otherwise noted, the Commission will rely on the facts as presented by plaintiffs in their Complaint and memorandum of law in support of their motion for a preliminary injunction (including exhibits to the memorandum of law) and on documents of which this Court may take judicial notice.  Reliance on the facts as presented by plaintiffs does not indicate that the Commission agrees that they are accurate.

worth of notes from a troubled Magnetar-related CDO underwritten by Merrill." *Id.* at ¶ 7; *see also id.* at ¶¶ 60-69.  The OIP alleges that Harding and Chau breached these obligations "because they wanted fees that could be earned only if Magnetar agreed to close the Octans I transaction, and because they were seeking to please Merrill and Magnetar." *Id.* at ¶ 8.

The OIP gave the ALJ 300 days to issue an initial decision.  *Id.* at 14.  The ALJ set the hearing for March 31, 2014, *i.e.*, approximately four months after service of the OIP, in accordance with Rule of Practice 360(a)(2).  *See* Lipman Decl., Ex. 6 at 2.

### C.     Harding and Chau Seek Adjournment of the Proceedings and Other Relief from the Law Judge.

On December 20, 2013, Harding and Chau moved the ALJ for an order (i) extending time and granting a six-month adjournment; (ii) providing that the proceeding would be governed by certain Federal Rules of Civil Procedure pertaining to discovery and pretrial motions; and (iii) requiring the Division to "produce its tags, labels, file folders, and/or other means of organizing relevant documents."  *See* Lipman Decl., Ex. 7 at 2.  In support, Harding and Chau claimed that the Division had produced an investigative file containing more than 11.5 terabytes of data.  *Id.*  They further asserted that the data was provided in a format that rendered document searching and sorting impracticable and that they consequently did not have enough time to prepare for the hearing.  *Id.*  Harding and Chau requested that, in the event that the ALJ denied any aspect of their requested relief, he certify for interlocutory review the issues Harding and Chau raised.  *Id.* at 15; *see also* 17 C.F.R. 201.400(c) (certification process for interlocutory appeals).

The ALJ denied Harding and Chau's motion on January 24, 2014.  Lipman Decl., Ex. 11.  The ALJ concluded that their desire for extra time did not outweigh the "policy of strongly disfavoring" adjournments that is set forth in Rule of Practice 161(b)(1), 17 C.F.R.

201.161(b)(1).  Lipman Decl., Ex. 11 at 2.  The ALJ found "it dispositive that a six-month adjournment will make it impossible for me to complete the proceeding within the [300 days] specified by the Commission" and noted that Harding and Chau had not cited a single case in which a Commission administrative hearing was adjourned for six months or more solely to give the respondents more time to review the investigative file.  *Id.* at 1, 2.  In addition, he noted that Harding and Chau had not refuted the Division's contention that most of the core documents in the case consisted of testimony exhibits and other evidence aired in previous discussions between Harding and Chau and the Division.  *Id.* at 2.  The ALJ also denied Harding and Chau's request for certification of his decision for interlocutory review, finding that "[t]he law is crystal clear on the issues presented, and there is no ground at all for difference of opinion on it, much less substantial ground."  *Id.* at 3.

On February 14, 2014, Harding and Chau filed an emergency motion seeking reconsideration of the ALJ's order or, in the alternative, a stay of the proceedings pending their petition for interlocutory review.  Lipman Decl., Ex. 33.  Their motion asserted, for the first time, that denying the relief they requested would violate their constitutional rights to equal protection and due process.  They argued that the Division was attempting to put them at a disadvantage by bringing the present case as an administrative proceeding instead of bringing a federal district court action, as they contend the Division had done in three previous matters involving securities law violations in connection with the sales of CDOs, namely *SEC v. Steffelin*, No. 11-cv-4204-MGC (S.D.N.Y.), *SEC v. Stoker*, No. 11-cv-7388-JSR (S.D.N.Y.), and *SEC v. Goldman Sachs & Co.*, 10-cv-3229-KBF (S.D.N.Y.) ("*Tourre*").  Lipman Dec., Ex. 33 at 3.

Harding and Chau also argued that the Division's investigation was tainted because it had been briefly staffed with a Senior Structured Products Specialist who, they alleged, had a bias against Harding and Chau.  *Id.*

On February 19, 2014, the ALJ denied Harding and Chau's motion for reconsideration. Lipman Decl., Ex. 34.  The ALJ pointed out that there was nothing for him to "reconsider," as most of Harding and Chau's arguments pertained to issues they did not raise in their motion for adjournment.  *Id.* at 2.  Nevertheless, the ALJ addressed their new arguments, observing that due process did not entitle them to a neutral prosecutor in administrative proceedings and that, in any event, the Commission's decision to institute proceedings was "wholly unaffected by any possible bias" by its staff.  *Id.*  The ALJ also rejected Harding and Chau's argument that the Division had treated them differently from other similarly situated defendants charged with fraud and other misconduct in connection with transactions in CDOs and concluded that such "class of one" claims are unavailable in federal civil enforcement proceedings.  *Id.*

**D.    Harding and Chau Petition the Commission for Interlocutory Review and Move to Stay the Hearing and Pre-Hearing Deadlines.**

On February 26, 2014, Harding and Chau filed with the Commission a petition for interlocutory review and an emergency stay of the hearing and pre-hearing deadlines.  Lipman Decl., Ex. 35.  Harding and Chau repeated their argument that their due process and equal protection rights were violated because the matter was being litigated in an administrative hearing.  Harding and Chau asserted they were treated differently than others similarly situated (*i.e.*, defendants charged with fraud in connection with transactions in CDOs) because their case would not be heard in federal court.  *Id.* at 5-12.  Harding and Chau asserted that the Division chose to pursue an administrative proceeding instead of a federal civil action because it had mixed results in two of the previous three CDO cases in federal court and in the third had

asserted a theory of liability different than that asserted against Harding and Chau. *Id.* In addition, Harding and Chau argued that the Division wanted to "bury defects in the integrity of its investigation by avoiding pretrial discovery," specifically the deposition of the staff member who worked on the investigation whom they alleged to be biased. *Id.* at 7. Harding and Chau also argued that the Division chose the administrative forum so that it could "bury[] Respondents in paper, knowing that the Commission requires ALJs to issue an initial decision with 300 days of the service of the OIP." *Id.*

The Commission denied Harding and Chau's petition on March 14, 2014. Lipman Decl., Ex. 38. The Commission found no basis for interlocutory review, finding that post-initial-decision review is generally sufficient to protect a party's rights. *Id.* at 7. Regarding the equal protection and due process arguments, the Commission found that Harding and Chau had not identified any extraordinary circumstances surrounding those claims that would warrant the Commission interrupting the proceedings. *Id.* at 8. Namely, Harding and Chau had pointed to nothing that would lead the Commission to conclude that they would suffer irreparable harm if resolution of their claims were delayed until the end of the proceedings. *Id.* at 9. Rather, the Commission found no harm that could not be remedied post-hearing by vacatur and remand. *Id.* Moreover, the Commission found, without reaching the merits, that Harding and Chau's constitutional claims appeared to be facially defective, as they offered nothing more than speculation that: (i) the Division attempted to prevent respondents from preparing a defense by "burying" them in documents; (ii) the investigation was tainted by a purported conflict of interest; (iii) the Division's position in this case supposedly contradicted its position in another similar case; or (iv) bringing the case as an administrative proceeding would subject them to unequal treatment. *Id.*

**E.      Harding and Chau Seek a Temporary Restraining Order and a
Preliminary Injunction in this Court.**

Having failed to obtain extraordinary relief at the administrative level, Harding and Chau

filed a motion in this Court on March 19, 2014, seeking a temporary restraining order and a

preliminary injunction enjoining the Commission from pursuing its administrative proceeding

against them.  Harding and Chau argued that by proceeding against them in an administrative

proceeding instead of in federal court, the Commission had violated their rights to equal

protection and due process of law.  Memorandum of Law in Support of Plaintiffs' Motion for a

Temporary Restraining Order and Preliminary Injunction ("Pltfs' Memo.") at 4.  Harding and

Chau contend that their constitutional rights have been violated because the Commission

intentionally treated them differently than similarly situated persons, *i.e.*, defendants in other

CDO cases who were sued in federal court.  *Id.* at 9-16.  Harding and Chau also contend that

their constitutional rights will be violated because they do not have time to prepare adequately

for a hearing and they will not have the opportunity to take discovery on the alleged taint of the

investigation.  *Id.* at 16-18.  Harding and Chau argue that they will suffer irreparable harm

"[b]ecause Plaintiffs cannot develop a factual record within the [administrative proceeding]

concerning the reasons for the Commission's disparate treatment."  *Id*. at 23.  They claim that the

lack of a record means "all meaningful judicial review will be foreclosed if this Court cannot

exercise jurisdiction."  *Id.*

On March 19, 2014, this Court held a hearing on Plaintiffs' petition for a temporary

restraining order.  The Court found no basis for Plaintiffs' argument that they would suffer

irreparable harm if they did not receive pre-administrative-proceeding injunctive relief and

determined that the motion for a preliminary injunction could be heard in due course.  The Court

noted that, after a hearing, the Commission and the court of appeals could hear Plaintiffs'

arguments that they had not received a fair hearing in the administrative proceeding.  *See* Transcript of Hearing on Motion for Temporary Restraining Order ("TRO Tr.), attached hereto as Exhibit A.

**F.      The Administrative Hearing.**

Between March 31, 2014 and April 30, 2014, Harding and Chau appeared before the ALJ for an administrative proceeding.  At the hearing, the ALJ stated that, although he viewed Harding and Chau's equal protection and due process affirmative defenses as non-justiciable in the administrative proceeding,[5] he would allow Harding and Chau to make an offer of proof as to the potential evidence on their constitutional claims.  *See* Administrative Proceeding Hearing Transcript excerpts attached hereto as Exhibit C ("AP Tr.") at 3173-3174. The ALJ further indicated that he would decide the merits of those claims in case the Commission determined that they in fact were justiciable in the administrative proceeding.  *Id.*

To pursue their affirmative defenses, Harding and Chau sought to subpoena witnesses who, they claimed, could provide testimony relevant to those defenses.  First, they requested subpoenas of several Commission employees, including those prosecuting the administrative proceeding, who they claimed could testify about the decision to bring the case as an administrative proceeding rather than a civil action in federal court.  *See* AP Tr. at 3193-3195, 3201.  Plaintiffs argued before the ALJ that the Commission had brought the case as an administrative proceeding to disadvantage Harding and Chau by denying them adequate time to prepare a complex case and that the Commission had treated Harding and Chau differently from the defendants in three similar cases that the Commission had pursued in federal court.  *Id.* at

---

5/   On January 10, 2014, Harding and Chau filed an answer asserting those affirmative defenses.  *See In re Harding Advisory LLC and Wing F. Chau* (AP File No. 3-15574), Respondents' Answer, attached hereto as Exhibit B, at 12.

3193-3195.  Harding and Chau also requested subpoenas for an SEC investigator who briefly worked on the investigation, who they allege had a conflict of interest and therefore biased the investigation, and for an employee in the SEC's Office of Ethics Counsel who could testify about the SEC's consideration of the purported conflict.  *Id.* at 3195-3204.  The ALJ denied all of these subpoena requests on the ground that none of the witnesses could offer testimony that would not be privileged.  *Id.* at 3204-3205, 3213-3215.  The ALJ said that because of the privilege issues, he could not do more than entertain a request that he review, *in camera*, the Division memoranda recommending that the Commission authorize actions against Harding and Chau and against the defendants in the three court cases Harding and Chau contend are similar to make sure the Division had satisfied its *Brady* obligations.  *Id.* at 3205, 3220.

Harding and Chau made such a request, and the ALJ considered their arguments that he should review all four of the memoranda.  AP Tr. at 4445-4448, 4461-4464.  The ALJ also considered the Division's arguments that the memoranda should not be reviewed because they are covered by multiple privileges and because the law left the choice of forum to the Commission's discretion.  *Id.* at 4448-4454.  The ALJ concluded that he would review only a redacted version of the memorandum concerning the administrative proceeding against Harding and Chau.  The Division redacted discussions that did not pertain to the choice of forum or that contained privileged legal analysis.  The ALJ did not review the memoranda for the other three cases because he found Harding and Chau had not established that the parties in the other cases were similarly situated.  *Id.* at 4457-4459, 4461. The ALJ reviewed the memorandum for the administrative proceeding and determined that it contained nothing that was properly disclosable to Harding and Chau.  *Id.* at 4691.

The hearing is now complete and, in accordance with the ALJ's Post-Hearing Scheduling Order of May 1, 2014, opening post-hearing briefs are due on June 13, 2014.  The ALJ must issue an Initial Decision by September 15, 2014.

## ARGUMENT

Harding and Chau's motion for preliminary injunction should be denied because they cannot show either of the required elements, irreparable injury or a likelihood of success on the merits.  Additionally, the Court should also dismiss Harding and Chau's complaint in its entirety because it does not have jurisdiction to hear this case.

## I.   HARDING AND CHAU ARE NOT ENTITLED TO A PRELIMINARY INJUNCTION.

"A preliminary injunction is an extraordinary remedy never awarded as of right."  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24; 129 S. Ct. 365, 376 (2008).  Generally, a party seeking injunctive relief must establish:  (1) irreparable harm, (2) either a likelihood of success on the merits or, depending on the balance of hardships, a sufficiently serious questions going to the merits of the claims to make them fair ground for litigation, and (3) that a preliminary injunction is in the public interest.  *Oneida Nation of N.Y. v. Cuomo*, 645 F.3d 154, 164 (2d Cir. 2011).  However, where, as a here, a party seeks to enjoin "'governmental action taken in the public interest pursuant to a statutory or regulatory scheme,'" it "cannot rely on the 'fair ground for litigation' alternative" even if it seeks to vindicate a sovereign or public interest.  *Id.* (quoting *Monserrate v. N.Y. State Senate*, 599 F.3d 148, 154 (2d Cir. 2010)).  Thus, to succeed in the present case, plaintiffs must establish both that they will suffer irreparable harm without an injunction and that they are likely to succeed on the merits.  They cannot, however, establish either of these key elements.

## A.      Harding and Chau Cannot Show Irreparable Injury.

The showing of irreparable injury is an "absolute prerequisite" to issuing an injunction. *Fireman's Fund Ins. Co. v. Leslie & Elliott Co., Inc.*, 867 F.2d 150, 151 (2d Cir. 1989), and the required showing is "extremely high."  *Firemen's Ins. Co. of Newark, N.J. v. Keating*, 753 F. Supp. 1146, 1150 (S.D.N.Y. 1990).  The "moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Reuters Ltd. v. United Press Int'l*, 903 F.2d 904, 907 (2d Cir. 1990).  To make the required showing of irreparable harm, plaintiffs must establish that they are subject to "a continuing harm which cannot be adequately redressed by final relief on the merits" and for which money damages are inadequate.  *Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002) (citation and quotations omitted).  In addition, plaintiffs must demonstrate an injury that is "actual and imminent, not remote or speculative."  *Id.*

Here, Harding and Chau claim that they are suffering irreparable injury by being forced to litigate their case in an administrative proceeding under the Commission's Rules of Practice instead of in federal court.  Complaint ¶¶ 2, 42.  They allege that they are "being denied a fair hearing for an improper purpose."  Pltfs' Memo. at 29.  These claims do not demonstrate irreparable harm.

Harding and Chau cannot show irreparable harm because they have an adequate remedy at law.  The Second Circuit has long held that equitable relief is not available when an adequate remedy at law exists.  *SCM Corp. v. Xerox Corp.*, 507 F.2d 358, 363 (2d Cir. 1974).  Here, Harding and Chau can and did raise their due process and equal protection concerns in the administrative proceeding, *see* AP Tr. at 3173-3174, 3193-3221, 4301-4302, 4445-4467, 4691, 4877-4896, and if they do not prevail, they can appeal any initial decision to the Commission and

then to a court of appeals.  This Court repeatedly noted the availability of these remedies during the March 19, 2014 TRO hearing.  *See* TRO Tr. at 4, 11, 17.  Under the federal securities laws applicable in this administrative proceeding, courts of appeals can consider any objection raised before the SEC, can order that additional evidence be taken before the SEC, and can modify or set aside, in whole or in part, an SEC order.  15 U.S.C. 77i(a), 80b-13(a), 80a-42(a).  An adequate remedy at law makes injunctive relief unavailable because the burden of litigation—or having to litigate in one forum versus another—does not constitute irreparable injury.  It is well established that the "expense and annoyance" of litigation does not constitute irreparable injury. *FTC v. Standard Oil Co.*, 449 U.S. 232, 244; 101 S. Ct. 488, 495 (1980) ("*SoCal*").

Moreover, the "mere incantation" of a constitutional claim does not constitute irreparable harm.  *See United States v. N.Y. City Bd. of Educ.*, 2002 WL 31663069, at *4 (E.D.N.Y. Nov. 26, 2002).  That is especially true where, as here, plaintiffs' theory of a constitutional violation is premised entirely on speculation.  Harding and Chau's equal protection claim depends on the SEC's reasons for initiating an administrative proceeding rather than a district court action.  But at the TRO hearing, when the Court asked whether Harding and Chau had any evidence "that supports the proposition that [the Commission] made the choice [of forum] in order to prevent [plaintiffs] from defending [them]selves," their counsel admitted that they did not.  *See* TRO Tr. at 10.  The speculative nature of their claim is further revealed by the fact that during the administrative proceeding they did not present either evidence or an offer of proof beyond their basic contention that three other CDO cases had been brought in district courts.  On the contrary, as Harding and Chau admit, the "Commission has publicly stated its intention to use administrative proceedings more frequently and in a wider variety of more complex cases, including cases that were historically brought in federal district court."  Complaint ¶ 15.

-16-

Because Harding and Chau cannot show irreparable injury, the Court should deny their request for injunctive relief on this basis alone.

### B.    Harding And Chau Cannot Show a Likelihood of Success on the Merits.

In their Complaint, Harding and Chau appear to assert both a due process claim based primarily on the period of time they had to prepare for the hearing in the administrative proceeding and an equal protection claim based on the fact that the SEC brought other cases concerning CDOs in district court.  But in seeking a preliminary injunction, they address only their equal protection claim.  They do not contend that this Court would have jurisdiction over a due process claim or that they are likely to succeed on the merits of a due process claim.  Pltfs' Memo. at 22-28.  Thus, they have waived any argument that they are likely to succeed on the merits of a due process claim.

With respect to their equal protection claim, Harding and Chau fail to show that this Court has jurisdiction to hear the claim.  They cannot make such a showing as the federal securities laws contain a statutory scheme that provides for review of all Commission decisions in administrative proceedings in a court of appeals.  They also fail to show that even if there were jurisdiction they could state a claim upon which relief could be granted.

### 1.    The Special Statutory Review Scheme Deprives this Court of Subject Matter Jurisdiction over Plaintiffs' Claims.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475; 114 S. Ct. 996, 1000 (1994); *Dew v. United States*, 192 F.3d 366, 371 (2d Cir. 1999).  Sovereign immunity extends to the Commission because it is an agency of the federal government.  *See DL Capital Group, LLC v. Nasdaq Stock Mkt., Inc.*, 409 F.3d 93, 97 (2d Cir. 2005).  "The natural consequence of the sovereign immunity principle is that the absence of consent by the United States is a fundamental

defect that deprives the district court of subject matter jurisdiction."  14 Charles Alan Wright,

Arthur R. Miller & Edward H. Cooper, *Fed. Prac. & Proc.* § 3654, at 281 (3d ed. 1998)

(collecting citations); *see also Lunney v. United States*, 319 F.3d 550 (2d Cir. 2003) (district

court properly dismissed claim for lack of subject matter jurisdiction where the United States had

not waived sovereign immunity).  Plaintiffs bear the burden of establishing that Congress has

waived the Commission's sovereign immunity as to their claims.  *See, e.g., Makarova v. United

States*, 201 F.3d 110, 113 (2d Cir. 2000).

  "A waiver of the Federal Government's sovereign immunity must be unequivocally

expressed in statutory text, and will not be implied."  *Lane v. Pena*, 518 U.S. 187, 192; 116 S. Ct.

2092, 2096 (1996) (internal citations omitted).  In this case, the only provision that might waive

the Commission's sovereign immunity is the Administrative Procedure Act ("APA").  Although

the APA waives sovereign immunity as to some claims, "a waiver of the Government's

sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign."

*Lane*, 518 U.S. at 192; 116 S. Ct. 2096.  In the APA, Congress limited its waiver by expressly

providing that nothing in the APA affects other limitations on judicial review.  5 U.S.C. 702;

*Sprecher v. Graber*, 716 F.2d 968, 974 (2d Cir. 1983).  Thus, jurisdiction does not exist here if

the Commission's statutory review schemes provide the exclusive mechanism for challenging

Commission decisions relating to administrative proceedings.

  In *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 202; 114 S. Ct. 771, 774 (1994), the

Supreme Court ruled that a special statutory review scheme "prevents a district court from

exercising subject-matter jurisdiction over a pre-enforcement challenge."  This is the rule.  The

few exceptions to it are both limited and narrow, and none applies here.

Just like Harding and Chau, the plaintiffs in *Thunder Basin* sought an injunction to prevent an agency enforcement proceeding, including a hearing before an ALJ and possible civil penalties.  510 U.S. at 202, 207-208; 114 S. Ct. at 774, 776-777.  Just like Harding and Chau, they claimed that proceeding through the special statutory review process would violate their due process rights.  510 U.S. at 214; 114 S. Ct. at 780.  The Supreme Court found this claim unavailing, holding that the plaintiffs had to make those arguments before the agency and then in a court of appeals.  510 U.S. at 214-215; 114 S. Ct. at 780-781.  The same is true for Harding and Chau.

The Supreme Court recently reaffirmed that district courts typically lack jurisdiction to hear cases when there is a special statutory review scheme, finding that "[g]enerally, when Congress creates procedures designed to permit agency expertise to be brought to bear on particular problems, those procedures are to be exclusive."  *Free Enterprise Fund v. PCAOB*, 561 U.S. 477; 130 S. Ct. 3138, 3150 (2010) (citations and quotations omitted).  The Supreme Court set a narrow exception to that general principle in *Free Enterprise*.  The Court held that Congress intends plaintiffs to bring even constitutional challenges solely through the statutory review scheme *unless*: (1) "a finding of preclusion could foreclose all meaningful judicial review"; (2) "the suit is wholly collateral to a statute's review provisions"; and (3) "the claims are outside the agency's expertise."  *Free Enterprise*, 130 S. Ct. at 3151 (quoting *Thunder Basin*, 510 U.S. at 212-13; 114 S. Ct. 779) (internal quotation marks omitted).  Plaintiffs must be able to show all three elements to establish jurisdiction under *Free Enterprise*.  *See, e.g., Gupta v. SEC*, 796 F. Supp. 2d 503, 513 (S.D.N.Y. 2011) (dismissing claim that did not satisfy all three prongs of the *Free Enterprise* test).  Here, plaintiffs cannot establish any of the required elements.

In a recent case in the District Court for the District of Columbia, the court applied these three factors to a claim very similar to Harding and Chau's and denied a motion for a temporary restraining order because it was not convinced it had jurisdiction over the claims.  *See* Transcript of Hearing on Motion for TRO excerpts attached hereto as Exhibit D ("Jarkesy TRO Tr.") at 73-74, *Jarkesy v. SEC*, No. 14-114 (D.D.C. Jan. 31, 2014).  In that case, *Jarkesy v. SEC*, the plaintiffs, subjects of a Commission administrative proceeding, sought a temporary restraining order against the Commission, alleging that, among other things, the Commission was violating their due process and equal protection rights.  The court explained that these claims did not meet the *Free Enterprise* factors:

> The plaintiffs have failed to show that meaningful judicial review is foreclosed because they can still challenge any Commission order in an appropriate Court of Appeals.
>
> The suit is not wholly collateral because every argument raised by the plaintiffs pertains directly to the specific factual findings at issue in the administrative proceeding convened to evaluate the allegations made by the Enforcement Division against the plaintiffs.
>
> Thus, the challenges raised here are inextricably intertwined with the statutory review mechanism under the Exchange Act.  To the extent that the plaintiffs raise both *Brady* and discovery disputes, these are matters, again, that are wholly integral to the administrative process rather than collateral to that process.
>
> Thus, the plaintiffs are challenging the conduct of the Commission's own proceedings, not, as was the case in *Free Enterprise*, the constitutional right of the agency to exist at all.

Jarkesy TRO Tr. at 75-76.  The same analysis applies here.

### a.   Harding and Chau Can Obtain Meaningful Judicial Review in a Court of Appeals.

At the conclusion of the administrative proceedings before the SEC, Harding and Chau can, if they are dissatisfied with the outcome, challenge the result in a court of appeals, where all of their claims, including "statutory and constitutional claims . . . can be meaningfully

addressed." *Thunder Basin*, 510 U.S. at 215; 114 S. Ct. 780.  Unlike *Free Enterprise*, where the plaintiffs could only be assured of judicial review under the statutory scheme by challenging a random rule proposal with no direct relation to their claim, this case does not implicate the "serious constitutional question that would arise if an agency statute were construed to preclude all judicial review." *Thunder Basin*, 510 U.S. at 215 n.20; 114 S. Ct. 780 n.20 (citation and quotations omitted); *see also FCC v. ITT World Commc'ns Inc.*, 466 U.S. 463, 468; 104 S. Ct. 1936, 1939 (1984) (holding that district court lacked subject matter jurisdiction because the plaintiffs "may not evade [special statutory review] provisions by requesting the District Court to enjoin action that is the outcome of the agency's order"); *Altman v. SEC*, 768 F. Supp. 2d 554, 559 (S.D.N.Y. 2011) (plaintiff's constitutional claims can be meaningfully addressed in a court of appeals).

Harding and Chau claim that they cannot obtain meaningful judicial review because they do not have an avenue for developing their equal protection claim within the administrative proceeding.  Pltfs' Memo. at 27.  However, as described above, they asserted their equal protection and due process claims as affirmative defenses in the administrative proceeding, and the ALJ provided them an opportunity to present their defenses.  Ultimately, they were not able to present any evidence because they were seeking privileged information to support their case, and they did not provide any evidence of wrongdoing sufficient to overcome privileges, an issue that would plague them in this Court just as it did in the administrative proceeding.  If Harding and Chau believe the ALJ erred in not allowing them to issue the subpoenas they sought or to present any evidence they asked to present, they can raise that issue in any appeal they bring.  If the ALJ erred, the Commission, or ultimately, a court of appeals, could easily remedy that issue

by requiring the ALJ to hear additional evidence.  *See* 15 U.S.C. 77i(a), 80b-13(a), 80a-42(a).[6]
A court of appeals could also reverse any order that was improperly obtained in violation of the
Constitution, and that is the only relief Harding and Chau seek in this Court.  *See* Complaint at
14-15.

    Because Harding and Chau can obtain meaningful judicial review of their claims through
the special statutory review process available for SEC administrative proceedings, this Court
does not have jurisdiction over their claims.

> **b.**    **Harding and Chau's Claims Are Not "Wholly Collateral" to
> the Review Provisions.**

    Harding and Chau also fail the second part of the *Free Enterprise* test.  Contrary to their
assertions (Pltfs' Memo. at 28), their claims are not "wholly collateral" to the statutory review
provisions.  The *Free Enterprise* plaintiffs brought a facial constitutional challenge to a statute
unrelated to any allegation that they violated any law or regulation.  Harding and Chau, however,
are respondents in an administrative proceeding and can raise all of their claims in the ongoing
proceeding against them.

    Harding and Chau claim their affirmative defenses are wholly collateral to the
administrative proceeding because there could be a constitutional violation even if they had
violated the federal securities laws exactly as alleged.  That approach to what is wholly collateral
is inconsistent with Second Circuit precedent.  The Second Circuit has held that district courts
cannot hear a claim that "alleges that the plaintiff was injured by [an agency] order" when "the
court of appeals has authority to hear the claim on direct review of the agency order."  *Merritt v.*

---

6/  In *SoCal*, the Supreme Court specifically rejected a claim that unlawfulness could be
    insulated if a court of appeals lacks an adequate record.  The Court noted that the statute at
    issue authorized a court of appeals to order the agency to take additional evidence.  *SoCal*,
    449 U.S. at 244-245; 101 S. Ct. at 495-496.

*Shuttle, Inc.*, 245 F.3d 182, 187 (2d Cir. 2001) (Sotomayor, J.).  In other words, special review statutes "that vest judicial review of administrative orders exclusively in the courts of appeals also preclude district courts from hearing claims that are 'inescapably intertwined' with review of such orders."  *Id.* at 187 (citations and quotations omitted).

A court of appeals reviewing a Commission order issued in the administrative proceeding will have authority to hear Harding and Chau's equal protection claim.  Not only have Harding and Chau raised their claims as affirmative defenses, but they are seeking dismissal of the administrative proceeding, so their claims are inextricably intertwined with—not wholly collateral to—the administrative proceeding.  Indeed, their claim relates directly to "the Division's assertions of fact and law" in the administrative proceeding (Pltfs' Memo. at 11) as well as issues relating to purported *Brady* materials (*id.* at 6-7, 18) the number of documents produced to them (*id.* at 7), and their allegedly inadequate time to prepare for the administrative hearing (*id.* at 4, 7, 18).  Any claim that these issues are wholly collateral to the administrative proceeding falls flat.

To artificially pull out of the administrative proceeding issues that are inexorably intertwined with the entire administrative proceeding defeats the policy underlying letting agencies develop their own record and rulings.  Such "[j]udicial intervention into the agency process denies the agency an opportunity to correct its own mistakes and to apply its expertise . . . [and] leads to piecemeal review which at the least is inefficient and upon completion of the agency process might prove to have been unnecessary."  *United States ex rel. The St. Regis Mohawk Tribe v. President R.C.-St. Regis Mgmt. Co.*, 451 F.3d 44, 50 (2d Cir. 2006) (quoting *SoCal*, 449 U.S. at 242; 101 S. Ct. at 494).  If this Court found any of Harding and Chau's claims to be "wholly collateral," then any time respondents in administrative proceedings contend that

an agency is biased or is violating their due process rights—defenses routinely asserted in administrative proceedings—they will be able to do an end-run around the special statutory review provisions and file a claim in district court.

> **c.    Determining Whether a Person Has Violated the Securities Laws and What Sanction Should Result Is Within the SEC's Expertise.**

Harding and Chau also cannot satisfy the third *Free Enterprise* factor.  Harding and Chau assert that the issues they raise in district court are beyond the SEC's expertise and that the administrative proceeding will not explore the Commission's decision to institute the administrative proceeding.  Pltfs' Memo. at 28.  This case, however, is easily distinguishable from *Free Enterprise*, where the plaintiffs argued that the statute establishing the PCAOB violated constitutional principles of separation of powers and the Appointments Clause.  As the SEC lacked the power to declare the PCAOB unconstitutional, the SEC could not grant them the relief they sought.

In contrast, in the administrative proceeding, the SEC (through the ALJ and/or the Commissioners themselves) has the power to provide relief to plaintiffs if their claims have any merit.  The SEC has the power (1) to dismiss these proceedings, (2) to grant summary disposition in favor of plaintiffs, (3) to determine that they committed no violations, and/or (4) to determine that no civil penalties are appropriate for any violations they may have committed.  In addition, Harding and Chau's claim that the Commission will never evaluate its equal protection claim is unavailing.  The ALJ considered the claim and required the Division to provide *in camera* its memorandum recommending that the Commission authorize the administrative proceeding.  The ALJ also said that he could decide the merits of Harding and Chau's constitutional claims.  *See* AP Tr. at 3173-3174.  Significantly, Harding and Chau do not cite to anything that would

preclude the Commission from ruling on their equal protection and due process affirmative defenses.

> **d.** **Harding and Chau's Analysis of the Three *Free Enterprise* Factors Rests on a Single Case that the Second Circuit Has Implicitly Rejected.**

Harding and Chau's analysis of the three *Free Enterprise* factors rests entirely on one case:  *Gupta v. SEC*, 796 F. Supp. 2d 503 (S.D.N.Y. 2011).  In *Gupta*, the court held that it had jurisdiction to determine whether the SEC had improperly brought an insider-trading action against Gupta as an administrative proceeding after suing related defendants in federal court.  As Gupta's action against the SEC was ultimately settled, the Second Circuit did not address whether the district court's finding of jurisdiction was correct.  But in *Altman v. SEC,* 687 F.3d 44 (2d. Cir. 2012), the Second Circuit implicitly rejected the *Gupta* court's overly broad interpretation of the *Free Enterprise* factors.[7]

In *Altman*, when an SEC administrative proceeding resulted in an order permanently barring attorney Steven Altman from appearing before the SEC due to his ethical violations, Altman brought an action in district court to enjoin the SEC order, arguing, among other things, that the SEC proceeding violated his equal protection and due process rights.  *Altman v. SEC*, 768 F. Supp. 2d at 558.  The district court dismissed the case for lack of subject-matter jurisdiction because it found that the federal securities laws provide for review of SEC orders exclusively in the courts of appeals.  *Id.* at 558. The district court also rejected Altman's argument that the *Free Enterprise* factors justified finding jurisdiction:

> Altman does not dispute, nor can he, that the SEC has the authority and expertise to hear constitutional challenges to its rules or rule-making provisions. . . . Moreover, as the Exchange Act explicitly provides for it,

---

7/  In its brief in *Altman*, the Commission brought to the attention of the Court of Appeals the then-recent decision in *Gupta*.

> Altman's claim could be meaningfully addressed in the Court of Appeals.
> . . . Finally, as Altman's challenge is not to the SEC's existence, but is
> instead to the constitutional ability of the SEC to sanction attorneys
> practicing before it . . ., the claim is not wholly collateral to the Exchange
> Act's review provisions.

*Id.* at 560 (citations and quotations omitted).

The Second Circuit affirmed, holding that the federal securities laws "generally preclude *de novo* review in the district courts, requiring litigants to bring challenges 'in the Court of Appeals or not at all.'"  *Altman v. SEC*, 687 F.3d at 45-46 (quoting *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336; 78 S. Ct. 1209, 1219 (1958)).  Further, the Second Circuit found the district court correctly held that "none of the factors in *Thunder Basin / Free Enterprise* militated in favor of district court jurisdiction," and it affirmed the district court order "for the reasons set forth in Judge Holwell's thorough and well-reasoned opinion."  *Id.* at 46.[8]

The *Altman* decision shows that the *Gupta* decision interpreted all three *Free Enterprise* factors overly broadly.  With respect to the first prong—whether meaningful judicial review is available through the statutory review process—the *Gupta* decision focuses on the ability of a respondent in an administrative proceeding to assert a counterclaim and to obtain discovery of SEC personnel about the decision to bring an administrative proceeding, *Gupta*, 796 F. Supp. 2d at 513-14.[9]  But in *Altman* the court recognized that the fact that a court of appeals can review all claims raised in an administrative proceeding demonstrates that meaningful review is available, *Altman*, 768 F. Supp. 2d at 560.  With respect to the second prong—whether a claim is wholly

---

8/  In *Jarkesy*, the United States District Court for the District of Columbia questioned whether *Gupta* remains good law in the Southern District of New York, given the Second Circuit's later decision in *Altman*, which appeared to "implicitly reject the reasoning in *Gupta*." Jarkesy TRO Tr. at 35-36.

9/  In *Gupta*, the court also found relevant to this factor that Gupta "would be forced to endure the very proceeding he alleges is the device by which unequal treatment is being visited upon him," but relying on that rationale is inconsistent with the Supreme Court's holding in *Thunder Basin.  See, supra*, at 18-19.

collateral to review provisions—*Gupta* interpreted "wholly collateral" as meaning whether Gupta could have a claim even if he had engaged in the alleged wrongdoing, *Gupta*, 796 F. Supp. 2d at 513; but *Altman* looked at the relationship of the claim to the administrative proceeding, *Altman*, 768 F. Supp. 2d at 560.  The *Altman* approach is consistent with the Second Circuit holding discussed above.  *See, supra,* at 22.  Finally, with respect to the third prong— whether a claim is outside the agency's expertise—in *Gupta* the court considered whether the claims are "peculiarly within the SEC's competence or expertise," *Gupta*, 796 F. Supp. 2d at 512, but in *Altman* the court simply considered whether the SEC had the authority to hear constitutional challenges and found that it does, *Altman*, 768 F. Supp. 2d at 560.  Because the *Gupta* court's broad interpretation is inconsistent with the approach the Second Circuit approved in *Altman*, *Gupta* should not be relied upon here.

> ### 2.      Harding and Chau Fail to Show They Are Likely to Be Able to State a Claim.

For many of the same reasons they cannot meet the irreparable harm component of the preliminary injunction test, Harding and Chau cannot state a claim for a permanent injunction on which relief can be granted.  "To obtain a permanent injunction, a plaintiff must succeed on the merits and show the absence of an adequate remedy at law and irreparable harm if the relief is not granted." *Roach v. Morse*, 440 F.3d 53, 56 (2d Cir. 2006).  As discussed above, Harding and Chau have an adequate remedy at law and the burden of litigating the administrative proceeding is not irreparable harm.

Harding and Chau also cannot show that they are likely to succeed on the merits of their equal protection claim.  Because Harding and Chau have raised their equal protection claim in the administrative proceeding, and the Commission is the ultimate decision maker in that proceeding, it cannot pre-judge the claims by taking a position in this proceeding before the

claims have been fully briefed before it.  Nonetheless, we note that interlocutory decisions by both the ALJ and the Commission indicate that Harding and Chau have shown they are not likely to succeed on their equal protection claim.

Harding and Chau's equal protection claim is not based on their membership in a protected class or on a claim that they have engaged in constitutionally-protected conduct. Instead, they rely on a "class of one" theory and assert that the Commission had no rational basis for its decision to institute an administrative proceeding against them rather than sue them in federal district court.  Pltfs' Memo. at 22-23.

The ALJ rejected this argument, finding that "class of one" claims are not available in federal civil enforcement proceedings.  Lipman Decl., Ex. 34 at 2.  The ALJ cited *United States v. American Electric Power Service Corporation*, 258 F. Supp. 2d 804, 808 (S.D. Ohio 2003), where the court found no precedent to support the defendants' claim that being "singled out" for an enforcement action violated their equal protection rights "without [a defendant] also claiming membership in a constitutionally protected class or intent to punish for exercise of constitutionally protected rights."  *Id*. at 808.  Regulators have to make difficult decisions about how to enforce "tough laws with limited funding for enforcement. . . . As a result, even a moderately artful complaint could paint almost any regulatory action as both selective and mean-spirited."  *Id*. (citation and quotation marks omitted).  Thus, "absent the attempt to harm a protected group or punish the exercise of a protected right," there are "compelling reasons" that regulators' motivations "should not be policed by the Equal Protection Clause."  *Id*. (same).

After the ALJ rejected their equal protection argument, Harding and Chau raised their equal protection argument in a petition to the Commission for interlocutory review.  Lipman Decl., Ex. 35.  The Commission denied the petition but did not decide whether a class-of-one

claim could be brought.  However, it stated, Harding and Chau's "superficial comparisons to a few other proceedings fall short of establishing a colorable equal protection violation" and cited the Supreme Court's decision in *Engquist v. Oregon Department of Agriculture*, 553 U.S. 591, 603; 128 S. Ct. 2146, 2154 (2008), in which the Court held that "[t]here are some forms of state action . . . which by their nature involve discretionary decisionmaking [and] . . . [i]n such situations, allowing a challenge based on the arbitrary singling out of a particular person would undermine the very discretion that such state officials are entrusted to exercise."  Lipman Decl., Ex. 38 at 12 & n. 42.

The Commission also questioned Harding and Chau's claims that they were being treated differently from the parties in three previous CDO cases that the Commission brought in federal court, namely *SEC v. Steffelin*, No. 11-cv-4204-MGC (S.D.N.Y. Nov. 11, 2012) (stipulation of dismissal with prejudice), *SEC v. Stoker*, No. 11-cv-7388-JSR (S.D.N.Y. Aug. 3, 2012) (judgment dismissing complaint based on jury verdict in favor of defendant), and *SEC v. Goldman Sachs & Co.*, 10-cv-3229-KBF (S.D.N.Y. Aug. 1, 2013) (entry of jury verdict against Fabrice Tourre).  The Commission noted that the *Steffelin* and *Stoker* cases involved allegations against parties who were *not* registered investment advisers, as Harding is.  Lipman Decl., Ex. 38 at 12.  And as to the *Tourre* case, the Commission noted that Harding and Chau "spen[t] a significant portion of their petition distinguishing the facts and legal theories in that matter from their own case."  *Id.*  (Before this Court, Chau and Harding devote over three pages of their Memorandum of Law to a discussion of how, in their view, the Division is advancing in the administrative proceeding different legal theories based on different facts that are directly opposed to those it advanced in *Tourre*.  *See* Pltfs' Memo. at 12-16.)  Ultimately, the Commission found, Harding and Chau's references to supposedly similar cases "appear, at their

core, to be more about the evidence and theories of liability.  Such questions . . . form the very

basis for holding the hearing authorized by the [OIP]."  *Id*.[10]

C.  **Harding and Chau Cannot Show that a Preliminary Injunction Is in the Public Interest.**

The public interest is best served by allowing the Commission to carry out its statutorily

prescribed duty to enforce federal securities laws according to the processes set in place by

Congress.  The Commission is authorized to use its discretion to decide whether to bring

administrative cease-and-desist proceedings, *see* 15 U.S.C. 77h-1, 78u-3, or to file an action in

federal court seeking injunctive relief.  *See* 15 U.S.C. 78u(d)(1), 80a-41, 80b-9(d).  Allowing

plaintiffs to disrupt this process by enjoining the administrative proceeding in this case—

especially after the hearing has already been completed—serves no purpose other than to delay

the administration of justice and waste public resources.

Plaintiffs provide little argument regarding how the public interest would be served by

enjoining this administrative proceeding other than to say that it will cause them to "experience

severe hardship, including violations of their equal protection rights and due process rights" in

this case.  Pltfs' Memo. at 29.  Thus, the "final preliminary injunction factor, the public interest,

also offers [plaintiff] no support because it is inextricably linked with the merits of the case.  If,

[plaintiff] is not likely to establish [a likelihood of success in the merits], then public interest

---

10/ Compare *Arjent LLC v. SEC,* 2014 WL 1091201 (S.D.N.Y. Mar. 18, 2014), where a broker/dealer and its CEO sought to enjoin an SEC investigation, claiming that the SEC was treating Arjent, a small firm, differently from larger firms.  The Court, applying the *Free Enterprise* factors, found jurisdiction in part because there was no extant administrative proceeding where the plaintiffs could raise their equal protection claim.  But having assumed jurisdiction, the Court granted the SEC's motion to dismiss because the plaintiffs failed to plausibly allege an equal protection violation.  "Without any factual basis to support them, the Complaint's conclusory allegations have not been 'nudged … across the line from conceivable to plausible.'"  *Id.* at *6 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 680; 129 S. Ct. 1937, 1951 (2009).

considerations weigh against an injunction." *Serono Labs, Inc. v. Shalala*, 158 F.3d 1313, 1326 (D.C. Cir. 1998).

## II.    THE COMPLAINT SHOULD BE DISMISSED.

Because Harding and Chau are not likely to succeed on the merits of their claim for the jurisdictional reasons discussed above, plaintiffs' complaint should be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(1).  Although the discussion above focuses on Harding and Chau's equal protection claim, this Court lacks jurisdiction over the due process claim for the same reasons it lacks jurisdiction over the equal protection claim.  Harding and Chau's claim for injunctive relief should also be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for the reasons discussed above.[11]

### CONCLUSION

For the reasons set forth above, the Commission respectfully requests that the Court deny Harding and Chau's Motion for Preliminary Injunction and dismiss their complaint.

Dated: May 12, 2014
Washington, DC

U.S. SECURITIES AND EXCHANGE
COMMISSION
By:    /s/ Melinda Hardy
Richard M. Humes
Melinda Hardy
Laura Walker
Smith Greig
Sarah Hancur
U.S. Securities and Exchange Commission
100 F Street NE
Washington, DC 20549-9612
202.551.5194 (Hancur)
hancurs@sec.gov

---

11/ This motion to dismiss under Rule 12(b)(6) does not address whether any of Harding and Chau's substantive allegations fails to state a claim.  As Harding and Chau have raised these claims in the administrative proceeding and the Commission is the ultimate decision maker, the brief does not take a position on those potential claims.  That this memorandum does not address these claims should not be viewed by the Court as having any bearing on the validity of those claims.